UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE-JASON A. HELM,

                      Plaintiff,

    v.

MICHAEL HUGHES, et al.,

                      Defendants.

No. 09-5381 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

Before the Court is Defendants' motion to stay discovery of this matter pending resolution of their pending motion to dismiss. Dkt. 16. For the reasons stated below, the Court finds that the motion should be granted.

## PROCEDURAL BACKGROUND

On June 24, 2009, Plaintiff, George-Jason Helm, filed a proposed civil rights complaint as well as a motion for leave to proceed *in forma pauperis*. Dkt. 1. The court granted Plaintiff's motion to proceed *in forma pauperis* and docketed his complaint on July 14, 2009. Dkts. 4 and 13. In his complaint, Plaintiff alleges that three DOC employees infringed on his constitutional rights when he was infracted for writing a threat in a grievance. *Id*. Specifically, the Plaintiff wrote "[t]his was abuse, abuse is violence, violence begets violence". Dkt. 13 at 4. Plaintiff claims the infraction violated his First Amendment rights. *Id*. He seeks declaratory relief and compensatory and punitive damages. *Id.* at 7.

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

On October 16, 2009, Defendants filed a motion to dismiss pursuant to FRCP 12 (c). Dkt. 15. The motion to dismiss is noted for October 13, 2009. Mr. Helm has submitted discovery requests of the three Defendants and those requests were returned due to the pending motion to dismiss. Dkt. 16, Exh. 1. The parties attempted to meet and confer regarding the discovery and whether Mr. Helm would agree to stay discovery until the Court could determine whether the Defendants were entitled to qualified immunity. *Id*. Mr. Helm would not agree to stay discovery, but was aware that this motion would be filed. *Id*.

On November 25, 2009, Plaintiff filed his response to the motion to dismiss. Dkt. 18. On November 27, 2009, Plaintiff filed a motion to compel and for sanctions, for Defendants' failure to respond to the discovery requests mentioned above. Dkt. 20.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin*, supra, 889 F.2d at 926. The Harlow qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S. at 817. For this reason, the Supreme Court has emphasized that qualified immunity questions should be resolved at the earliest possible

ORDER GRANTING MOTION TO STAY DISCOVERY - 2

stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id*.

The court agrees that the appropriate course where immunity issues are raised is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required. Thus, all discovery, including any pending discovery motions, shall be stayed pending the court's resolution of the pending motion to dismiss and the issue of whether Defendants are entitled to qualified immunity.

Accordingly, it is **ORDERED:**

(1) Defendants' motion to stay discovery (Dkt. 16) is **GRANTED**.

(2) All discovery in this matter shall be **STAYED** pending further order of this Court, including Plaintiff's motion for order compelling discovery and for sanctions (Dkt. 20).

(3) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this   10th   day of December, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 3